STATE OF CONNNECTICUT *v.* ANTHONY W. MILLER

CIRCUIT COURT

SEVENTH CIRCUIT
FILE No. CR 7-0930

Memorandum filed August 22, 1961

*Joseph F. Noonan,* prosecuting attorney, for the state.

*Wilbur J. Land,* of New Haven, for the defendant.

DiCENZO, J. The defendant is charged in an information with a violation of § 53-25 of chapter 939 of the General Statutes, entitled "Unlawful exhibition or employment of child." The defendant demurs to the information, alleging that the act in question is invalid in that it violates the rights of the defendant under article first, § 9, of the constitution of Connecticut and the fourteenth amendment to the constitution of the United States.

The significant and material facts agreed to by stipulation in the record are as follows: On June 24, 1961, the defendant conducted a gymnastic exhibition at the parking lot adjacent to Star's store in Wallingford. Taking part in this exhibition were nine children, who performed under the supervision of the defendant. The ages of the children ranged from four to thirteen. The defendant told the spec-

tators it was a demonstration of physical fitness. The children performed headstands, chinned, tumbled, and did other gymnastic feats, as appear in the photographs, exhibits by agreement. No child performed for more than five minutes, with the average performance time per child about two minutes. The defendant had the consent of the childrens' parents, and none were injured during the exhibition. The Continental Baking Company contributed $50 toward the defendant's expenses, and aside from this contribution the defendant, the children and their parents did not receive or expect to receive any monetary remuneration. The children selected for the performance were selected by the defendant from among his trainees on the basis of their achievements in relation to their age, size, and amount of training, so as to show what can be accomplished by exercising regularly. The defendant acknowledges that this gymnastic exhibition was in violation of § 53-25. The state claims in effect that § 53-25 is a valid exercise of the police power of the state and that there is no showing that the legislation in question was arbitrary or unreasonable and therefore in violation of the due process clause of the United States constitution.

Section 53-25 is a part of chapter 939 of the General Statutes, entitled "Offenses against the Person." All the sections of this chapter deal with the safety, general welfare, rights, or physical and mental health of the individual in his relationships with others. There can be no question that § 53-25 falls within the power of the legislature to enact laws for the protection of the safety, health and morals of children under sixteen years of age. However, as asserted by the defendant, even an act within the acknowledged police power of a state can be invalidated if it is in conflict with the federal and state constitutions. *State* v. *Coleman*, 96 Conn. 190, 192.

Section 53-25 was enacted to prevent offenses against children, to prevent the exploitation of children, and to protect their safety and morals from injurious dangers. However, the language of the statute in its present form is too broad. The statute prohibits for all purposes—a prohibition that is all-inclusive. This all-inclusive prohibition does not appear to the court to have a reasonable relationship to the objects to be accomplished by this legislation.

Justice Mellitz wrote in *Leach* v. *Florkosky,* 145 Conn. 490, 496: "The statute having been enacted pursuant to the police power, there must be a rational relationship between the purposes which warrant the exercise of that power and the purposes designed to be served by the statute." Physical fitness is a public necessity for the protection and welfare of the community and state. There are many wholesome, educational and beneficial aspects about exhibitions of physical fitness in children under sixteen years of age. Such exhibitions and performances can promote a greater attention to the health and physical welfare of children, ultimately resulting in a much desired physical fitness atmosphere in these times. Skating, dancing, bicycling and pedaling are generally regarded as healthful exertions, particularly in very young people. The prohibitions in the statute in question are so sweeping that they prohibit exhibitions of any of the activities mentioned. Such comprehensive prohibition bears no reasonable relationship to the objects intended to be accomplished by the legislation. Under this statute, exhibiting juvenile horse riders is invalid, school dance performances are illegal, promoting and encouraging children to dance, ice skate or roller skate for performance purposes would be illegal. Such a result bears no reasonable relationship to the public health, safety, morals, and welfare

of children under sixteen years of age, nor of the community at large. The statute is unconstitutional and void as violative of the constitution of Connecticut, article first, § 9, and of the fourteenth amendment to the constitution of the United States.

The demurrer to the information is sustained.